Davis Wright Tremaine LLP

42nd Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Geoffrey Brounell**
(212) 603-6404 tel
(212) 489-8340 fax

GeoffreyBrounell@dwt.com

August 18, 2026

**Via ECF**
Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: *Linette Fox v. Arcadia Consumer Healthcare Inc.*, Case No. 1:26cv6232-AT**

Defendant's Pre-Motion Letter Regarding Motion to Transfer Venue or to Stay

Dear Judge Torres:

This firm is counsel to Defendant Arcadia Consumer Healthcare Inc. ("Arcadia"). Pursuant to Rule III.A of the Court's Individual Practices, Arcadia writes to respectfully request permission to file its anticipated Motion to Transfer Venue; or, in the Alternative, To Stay, or To Extend Deadline To Respond To Complaint ("Motion to Transfer or Stay").

On July 22, 2026, Plaintiff filed this action alleging that Arcadia misled consumers regarding the use and effectiveness of Arcadia's "Fungi-Nail" product line. This is Plaintiff's counsel's latest of six putative class actions asserting materially identical claims concerning the same products. Plaintiff's counsel first sued Arcadia in the Central District of California nearly twenty months earlier, asserting nearly identical claims. As discussed below, Arcadia's contemplated Motion to Transfer or Stay has substantial legal merit.

***First,*** Section 1404(a) requires transfer of this action. Because the Central District of California *Hayde* action was filed nearly two years earlier and involves the same core allegations regarding the same product line, that is the most appropriate forum for coordinated adjudication of these claims. Transferring this parallel litigation of substantially identical claims would reduce the risk of inconsistent rulings, duplicative discovery and motion practice, and burdens on the parties, third-party witnesses, and the courts.

***Second,*** should the Court determine not to order the transfer, Arcadia respectfully requests that the Court stay this action such that the first-filed action may be resolved to avoid duplicative proceedings and the risk of inconsistent rulings.

Arcadia also respectfully requests that the Court stay its deadline to respond to the Complaint until after the Court resolves the proposed Motion to Transfer or Stay. Staying that deadline

would conserve party and judicial resources by avoiding a responsive pleading, and the motion practice that would follow it, in a case that may proceed in another district.

## I. Factual and Procedural Background

Arcadia is a Delaware corporation with its principal place of business in Bridgewater, New Jersey. Compl. ¶ 11. It manufactures over-the-counter medicines, including the Fungi-Nail products. *Id.* ¶ 2.

Plaintiff Linette Fox is a New York resident who allegedly purchased a Fungi-Nail Anti-Fungal Pen from Amazon.com on August 3, 2025, shipped to an address in New York County. *Id.* ¶ 8. Plaintiff is represented by Wilshire Law Firm. *Id.* at 18. On July 22, 2026, Plaintiff filed this lawsuit on behalf of herself and a putative New York-wide class of all persons who purchased Fungi-Nail products during the period beginning four years from the date of the filing of the Complaint to the date of class certification. *Id.* ¶ 19.

Plaintiff's counsel first sued Arcadia in the Central District of California nearly two years earlier. *Hayde v. Arcadia Consumer Healthcare, Inc.*, No. 8:24-cv-02657-JDE (C.D. Cal. Dec. 6, 2024). This case is, in all material respects, the same as *Hayde*. Plaintiff Eric Hayde filed a complaint against Arcadia on behalf of two putative classes of consumers: (1) a California Class of all persons residing in California who had purchased Fungi-Nail products in the preceding four years, and (2) a nationwide class of all persons residing in the United States who had done the same. *Hayde*, ECF No. 1 ¶ 17; ECF No. 35, Second Amended Compl. ¶ 20. The *Hayde* class definitions are identical to Plaintiff's class definition in this case, with the only difference being geographical scope.

Since filing *Hayde*, Plaintiff's counsel has filed five additional lawsuits, including this one, asserting the same core allegations on behalf of statewide classes: *Duffey v. Arcadia Consumer Healthcare, Inc.*, No. 5:25-cv-00652-M-KS (E.D.N.C. Oct. 14, 2025); *White v. Arcadia Consumer Healthcare Inc.*, No. 2:26-cv-14082-AMC (S.D. Fla. Mar. 12, 2026); *Kathrein v. Arcadia Consumer Healthcare, Inc.*, No. 3:26-cv-50217 (N.D. Ill. May 28, 2026); *Pisula v. Arcadia Consumer Healthcare Inc.*, No. 1:26-cv-00574-DRC (S.D. Ohio June 8, 2026).

Two courts have already addressed this pattern, and neither allowed a duplicative statewide class to proceed alongside *Hayde*. The Southern District of Florida granted Arcadia's motion and transferred *White* to the Central District of California under the first-to-file rule and 28 U.S.C. § 1404(a). The Eastern District of North Carolina stayed *Duffey* in its entirety pending final disposition of *Hayde*.

## II. Section 1404(a) and the First-to-File Rule Require Transfer of This Action to the Central District of California

Section 1404(a) permits transfer "[f]or the convenience of parties and witnesses, in the interest of justice," to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The inquiry proceeds in two steps: whether the action might have been brought in the transferee

district, and whether transfer is warranted in light of "the convenience of transfer and the interests of justice." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394–95 (S.D.N.Y. 2006). At the second step, courts weigh nine factors, *id.* at 394, of which the ninth—trial efficiency and the interests of justice—is determinative here.

The threshold requirement is satisfied because the Central District of California "would have had subject matter jurisdiction and personal jurisdiction over [Arcadia]" and because "venue would have been proper in the transferee court." *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004). As to the second step, the ninth factor—trial efficiency and the interests of justice—is determinative, and no other factor meaningfully weighs against transfer. Regarding the eighth factor, Plaintiff's choice of forum warrants minimal deference because "in a class action there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim," *Collins & Aikman*, 438 F. Supp. 2d at 398; *Wald v. Bank of Am. Corp.*, 856 F. Supp. 2d 545, 549 (E.D.N.Y. 2012). As to the fourth factor, in a consumer labeling case, the operative facts occur where the challenged labeling and marketing decisions were made—not where the product was purchased. *Forsher v. J.M. Smucker Co.*, 2019 WL 235639, at *2 (E.D.N.Y. Jan. 16, 2019). The remaining six factors give this Court no reason to retain the case.

Furthermore, the Second Circuit's first-to-file rule shifts the burden to Plaintiff to justify the forum in this later-filed case, a burden she will be unable to carry. The first-to-file rule applies where "identical or substantially similar parties and claims" are present in both courts. *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012). Priority of the first-filed action is presumptive, and only two showings may rebut it: (1) a "balance of convenience" favoring the second-filed action, or (2) "special circumstances [that] warrant giving priority to the second suit." *Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). The balance-of-convenience analysis is coextensive with the Section 1404(a) factors addressed above, which favor transfer. *Id.* "Special circumstances" are limited to improper anticipatory declaratory judgment actions and filings motivated solely by forum shopping, *id.* at 275–76, neither of which is applicable here. The burden of making either showing rests on "the party seeking to proceed with the second action." *Michel v. Petco Animal Supplies Stores, Inc.*, 404 F. Supp. 3d 685, 689 (E.D.N.Y. 2017). Plaintiff will be unable to carry her burden because the parties and claims are substantially similar, and no special circumstances exist.

## III. In the Alternative, the Court Should Stay Proceedings Pending Resolution of the First-Filed Action

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Second Circuit applies this principle to duplicative federal litigation. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). "'[T]he decision of whether to stay… rests within a district judge's discretion,'" and the court "should take whichever action it deems proper to 'avoid duplication of judicial effort, void vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among

parties over related issues, and eliminate the risk of inconsistent adjudication.'" *Wyler-Wittenberg*, 899 F. Supp. 2d at 247–48 (citation omitted).

A stay would (1) avoid duplicative judicial effort by permitting the *Hayde* court to continue addressing the same labeling issues already before it, (2) spare Arcadia the burden of litigating substantially identical claims in multiple forums, and (3) reduce the risk of inconsistent adjudications concerning whether Arcadia's uniform labeling is misleading. The Eastern District of North Carolina recognized the same considerations in *Duffey*, staying that action in its entirety pending final disposition of *Hayde*. Ex. E at 1. Furthermore, there is no prejudice to Plaintiff because this case is at the outset: no discovery has occurred, no scheduling order has issued, and Arcadia has not yet responded to the Complaint.

**IV. The Court Should Stay Arcadia's Deadline to Respond to the Complaint**

Arcadia respectfully requests that the Court stay its deadline to respond to the Complaint until 30 days after resolution of the Motion to Transfer or Stay. Plaintiff served Arcadia on July 28, 2026, which would make Arcadia's response due on August 18, 2026. *See* ECF No. 6 at 2. "'When an act may or must be done within a specified time,' such as a defendant's deadline to answer or otherwise respond to a complaint, 'the court may, for good cause, extend the time.'" *Awan v. MTA*, 2025 WL 2855281, at *1 (S.D.N.Y. Oct. 8, 2025) (Torres, J.) (quoting Fed. R. Civ. P. 6(b)). Requiring a responsive pleading now would generate motion practice that, as discussed above, may belong in another district.

In conclusion, Arcadia will be able to demonstrate that the Section 1404(a) factors weigh in favor of transfer, and Plaintiff will not be able to overcome the presumption in favor of transfer. Accordingly, Arcadia's anticipated Motion to Transfer Venue or Stay is, at the very least, worthy of judicial consideration.

We are grateful for the Court's attention to this matter.

Respectfully submitted,

Davis Wright Tremaine LLP

*/s/ Geoffrey S. Brounell*

cc: All Counsel of Record (by ECF)