**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010
Tel: (213) 381-9988
Fax: (213) 381-9989
wilshirelawfirm.com

Sean Paisan, Esq.
John Yslas, Esq.
Tyler Woods, Esq.
Stephanie Mazepa, Esq.
Nicol Hajjar, Esq.
Thiago Coelho, Esq.
Benjamin Haber, Esq.

August 25, 2026

**FILED VIA ECF**

The Honorable Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street – Courtroom 15D
New York, NY 10007-1312

Re: *Linette Fox Arcadia Consumer Healthcare Inc., Case No. 1:26cv6232-AT*

Plaintiff's Opposition Letter to Defendant's Pre-Motion Letter Regarding Motion to Transfer Venue or to Stay

Dear Judge Torres:

Pursuant to Rule III.A. of this Court's Individual Practices in Civil Cases, Plaintiff Linette Fox ("Plaintiff") hereby submits this Opposition Letter to Defendant Arcadia Consumer Healthcare Inc.'s ("Arcadia") Pre-Motion Letter Regarding Motion to Transfer Venue or to Stay.

For the reasons set forth below, transfer of this action to the Central District of California is not appropriate. Neither the first-filed rule nor a balancing of the 28 U.S.C. §1404(a) factors warrant transfer. Likewise, Arcadia's request to indefinitely stay this action pending the resolution of *Hayde v. Arcadia Consumer Healthcare, Inc.,* No. 8:24-cv-02657-JDE (C.D. Cal. Dec. 6, 2024) is also not appropriate.[1]

## I. The Section 1404(a) Factors Do Not Weigh in Favor of Transfer, even if the First-to-File Rule is Applied

Arcadia invokes the first-to-file rule and seeks to transfer this action under 28 U.S.C. §1404(a). Courts in this District, however, decline to apply the first-filed rule when "the plaintiff's claims would not be included in the first-filed action." *See Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 347 (E.D.N.Y. 2018). Such is the case here: Plaintiff is a New York resident that brings only New York claims on behalf of a putative class of New York residents. By contrast, the plaintiff in *Hayde v. Arcadia Consumer Healthcare, Inc.* only seeks to certify California claims on behalf of a class of California residents. *See* No. 8:24-cv-02657-JDE (C.D. Cal. Dec. 6, 2024) at ECF No. 92.

[1] Plaintiff will not oppose Arcadia's request to stay its deadline to respond to her Complaint should this Court permit Arcadia to proceed with its motion.

The first-to-file rule also does not apply here because the balance of convenience does not favor transfer. *See Employers Ins. of Wausau v. Fox Entm't Group,* 522 F.3d 271, 275 (2d Cir.2008) ("The factors relevant to the analysis under the balance of convenience exception to the first-filed rule are essentially the same as those considered in connection" with §1404(a) transfer motions); *AIG Fin. Prods. Corp. v. Pub. Util. Dist. No. 1 of Snohomish Cnty., Wash.*, 675 F. Supp. 2d 354, 368 (S.D.N.Y. 2009) (accordingly, "a single analysis of the factors will resolve both issues.")

In determining the balance of convenience, the following factors are relevant: (a) the plaintiff's choice of forum, (b) the convenience of witnesses, (c) the location of relevant documents and relative ease of access to sources of proof, (d) the convenience of the parties, (e) the locus of operative facts, (f) the availability of process to compel the attendance of unwilling witnesses, (g) the relative means of the parties, (h) the forum's familiarity with the governing law, and (i) trial efficiency and the interest of justice, based on the totality of the circumstances. *D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 106-07 (2d Cir.2006).

**The first factor, the plaintiff's choice of forum, weighs against transfer**. "The Second Circuit has consistently held that 'a plaintiff's choice of forum is presumptively entitled to substantial deference.'" *Atl. Recording Corp. v. Project Playlist, Inc.,* 603 F.Supp.2d 690, 698 (S.D.N.Y.2009). Thus, "[a] plaintiff's choice of venue is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Royal Ins. Co. of Am. v. United States,* 998 F. Supp. 351, 353 (S.D.N.Y.1998). This is particularly true here, where Plaintiff has chosen to bring this action in her home forum. *Gross v. Brit. Broad. Corp.*, 386 F.3d 224, 231 (2d Cir. 2004) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256 n.33 (1981).

That Plaintiff brings a class action does not eliminate this deference because Plaintiff seeks to represent a class of consisting solely of New York residents. *See* ECF No. 1 at ¶19*; In re Warrick,* 70 F.3d 736, n.7 (2d Cir. 1995) (denial of motion to transfer serves the balance of convenience where a "disproportionate share of the class" reside in New York); *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 350 (E.D.N.Y. 2018) (holding that plaintiff's choice of forum weighed in favor of maintaining class action in chosen district where plaintiff resided in the district, brought claims under New York law, and represented a New York subclass).

**The second and third factors, the convenience of the witnesses and the location and relative ease of access to source of proof, are neutral**. Arcadia is headquartered in New Jersey and all or nearly all of its relevant witnesses and evidence will be located there. *See NBA Props., Inc. v. Salvino, Inc.*, No. 99 CIV. 11799 AGS, 2000 WL 323257, at *6 (S.D.N.Y. Mar. 27, 2000); *Wechsler v. Macke Int'l Trade, Inc.,* No. 99 Civ. 5725(AGS), 1999 WL 1261251, *6 (S.D.N.Y. Dec. 27, 1999) ("[T]he Court dismisses from consideration the convenience of witnesses who are located outside both the current and transferee forums."); *Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.,* 474 F.Supp.2d 474, 484 (S.D.N.Y.2007) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents.")

**The fourth factor, the convenience of the parties, weighs against transfer**. Plaintiff resides in this District while Arcadia's principal place of business is in New Jersey, not California. Accordingly, transferring this action to California would result in no more convenient for Arcadia despite creating inconvenience for Plaintiff. This weighs against transfer. *See Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 618 (S.D.N.Y. 2016) (finding this factor weighs against transfer where defendant's principal place of business was in Tennessee rather than New York or California).

**The fifth factor, the locus of operative facts, weighs against transfer**. While Arcadia argues that its labeling and marketing decisions were made at its corporate headquarters in New Jersey, certain operative facts also occurred in this District. Namely, Plaintiff purchased Arcadia's misleadingly labeled products in this District and was thereby injured here. *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 MKB, 2015 WL 5579872, at *9 (E.D.N.Y. Sept. 22, 2015) ("Plaintiffs are correct that the places at which they purchased the Total 0% Products and incurred the alleged harm are also relevant to the claims"). In venue transfer cases where key events occurred in both plaintiff's chosen forum and the movant's proposed forum, courts in this District have denied motions to transfer venue. *See, e.g.*, *St. Paul Fire & Marine Ins. Co. v. Novus Int'l, Inc.*, No. 09-CV-01108 (BSJ), 2011 WL 6937593, at *3 (S.D.N.Y. Dec. 28, 2011) (holding that where the operative facts did not occur "exclusively" in the transferee court, considerations regarding the loci of operative facts "weigh[ ] against transferring the case").

**The sixth factor, the availability of process to compel the attendance of unwilling witnesses, is neutral**. The vast majority of witnesses in this action will be Arcadia's employees, who can be equally compelled to testify in either this District of California. *AIG Fin. Prods.*, 675 F. Supp. 2d at 372.

**The seventh factor, the relative means of the parties, weighs against transfer**. Arcadia is a nationwide corporation that can easily litigate anywhere in the country, whereas Plaintiff is an individual with comparatively less means. *Schwartz v. Marriott Hotel Servs., Inc.*, 186 F. Supp. 2d 245, 251 (E.D.N.Y. 2002).

**The eight factor, this forum's familiarity with the governing law, weighs against transfer**. "[A] federal court sitting in New York is more likely to have developed a familiarity with New York law than is a court in [California], and it would therefore waste resources to educate the [California] court in the law of another state." *Royal Ins. Co. of Am. v. United States*, 998 F. Supp. 351, 355 (S.D.N.Y. 1998). Thus, "[f]ederal courts have generally favored adjudication of a controversy by the court which sits in the state whose law will provide the rules of decision." *Id.*

**The ninth factor, trial efficiency and the interest of justice, does not weigh in favor of transfer**. While Arcadia notes that two other district courts have either transferred or stayed other actions brought against it in those districts, this court is not bound by authority from outside this Circuit and should instead analyze Arcadia's request based on its individual merits. *Lynch v. Dep't of Educ. of City of New York*, 769 F. Supp. 3d 227, 230 n.1 (E.D.N.Y 2025). Here, the Central District of California is far more congested than this District,

undercutting any efficiency argument for transfer. *See* Admin. Off. of the U.S. Cts., Table C-3-*U.S. District Courts—Civil Staistical Tables for the Federal Judiciary* (June 30, 2026) (showing 11,285 pending civil lawsuits in this district compared to 21,645 pending civil lawsuits in the Central District of California).

Nevertheless, Arcadia argues this factor alone is determinative. But even if it were to tip slightly in Arcadia's favor, it would not defeat Plaintiff's choice of forum. Transfer is only appropriate where the balance of convenience factors weighs *heavily* in favor of the transferee court. *See, e.g. Complaint of Connecticut Nat. Bank*, 687 F. Supp. 111, 113 (S.D.N.Y. 1988) (citing cases). Here, all or almost all of the §1404(a) factors weigh against transfer or are at least neutral, and accordingly, Plaintiff's choice of her home forum must prevail. *See, e.g., Speedfit LLC v. Woodway USA, Inc.,* 53 F. Supp. 3d 561, 578 (E.D.N.Y. 2014) (where the transfer factors "are generally neutral and do not strongly favor" transfer, the court "gives deference to plaintiffs' choice of forum").

Finally, Plaintiff anticipates that should transfer be granted, Arcadia will seek to dismiss this action in the Central District of California for lack of personal jurisdiction given that neither it, nor Plaintiff or the putative class she seeks to represent reside in California. This too weighs against transfer.

## II. Arcadia's Requested Stay is Not Warranted

In the alternative to its transfer request, Arcadia seeks an essentially indefinite stay of this action pending the resolution of the *Hayde* action, which is still in the midst of class certification briefing and is far from reaching a conclusion. Such requests for an uncertain and indefinite stay are generally disfavored in this District, as they would "unduly prejudice [Plaintiff] by indefinitely delaying any relief in this action." *Fleet Connect Sols. LLC v. Forward Thinking Sys. LLC*, 818 F. Supp. 3d 350, 355 (E.D.N.Y. 2026) ("the indefinite nature of the requested stay counsels against granting a stay"); *see also Medina v. Angrignon*, No. 15-cv-0427, 2022 WL 1555083, at *2 (W.D.N.Y. May 17, 2022) ("[S]tays of indefinite duration are generally disfavored.).

In conclusion, Arcadia will not be able to demonstrate that transfer is warranted. In light of the foregoing, the court need not consider a fully briefed motion on these issues.

Respectfully submitted,

Thiago M. Coelho
Wilshire Law Firm, PLC
*Attorneys for Plaintiffs and the Putative Classes*

cc: All counsel of record via ECF