**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LINETTE FOX, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,<br><br>Defendant. | Case No.: 1:26-cv-06232-AT-JW |

**PLAINTIFF LINETTE FOX'S OPPOSITION TO DEFENDANT ARCADIA CONSUMER HEALTHCARE INC.'S MOTION TO STAY, OR IN THE ALTERNATIVE, TO EXTEND THE DEADLINE TO RESPOND TO THE COMPLAINT**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 3

III. LEGAL STANDARD ........ 5

IV. ARGUMENT ........ 6

A. The First-to-File Rule Does Not Warrant a Stay ........ 6

1. Hayde and this action do not present identical issues nor parties, as is required to apply the rule ........ 6

2. The rule does not apply where, as here, the later-filed plaintiff's claims would not be included in the first-filed action ........ 7

3. The "balance of convenience" factors do not favor application of the first-to-file rule ........ 11

B. This Court Should Not Stay This Action Under Its Inherent Powers Either ........ 13

V. CONCLUSION ........ 18

CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMIT ........ 19

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aerotel, Ltd. v. IDT Corp.*
486 F. Supp. 2d 277 (S.D.N.Y. 2007) .......... 17

*Albright v. Terraform Labs, Pte. Ltd.*
641 F. Supp. 3d 48 (S.D.N.Y. 2022) .......... 11

*Atl. Recording Corp. v. Project Playlist, Inc.*
603 F. Supp. 2d 690 (S.D.N.Y. 2009) .......... 12

*Aukema v. Chesapeake Appalachia, LLC*
839 F. Supp. 2d 555 (N.D.N.Y. 2012) .......... 16–17

*Burns v. Gerber Prods. Co.*
2012 WL 8251405 (E.D. Wash. Sept. 4, 2012) .......... 8

*Catalano v. BMW of N. Am., LLC*
167 F. Supp. 3d 540 (S.D.N.Y. 2016) .......... 1–2, 7–9, 15

*Complaint of Connecticut Nat. Bank*
687 F. Supp. 111 (S.D.N.Y. 1988) .......... 13

*Curtis v. Citibank, N.A.*
226 F.3d 133 (2d Cir. 2000) .......... 5

*D.H. Blair & Co. v. Gottdiener*
462 F.3d 95 (2d Cir. 2006) .......... 11

*Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*
522 F.3d 271 (2d Cir. 2008) .......... 2, 5, 11

*Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*
178 F. Supp. 2d 459 (S.D.N.Y. 2002) .......... 11

*Fleet Connect Sols. LLC v. Forward Thinking Sys. LLC*
818 F. Supp. 3d 350 (E.D.N.Y. 2026) .......... 2, 14–15

*Freeplay Music, LLC v. Gibson Brands, Inc.*
195 F. Supp. 3d 613 (S.D.N.Y. 2016) .......... 12

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*
415 F. Supp. 2d 370 (S.D.N.Y. 2006) .......... 13

**TABLE OF AUTHORITIES**

Page(s)

*GOJO Indus., Inc. v. Innovative Biodefense, Inc.*
407 F. Supp. 3d 356 (S.D.N.Y. 2019) .......... 16

*Gross v. Brit. Broad. Corp.*
386 F.3d 224 (2d Cir. 2004) .......... 12

*In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*
99 F. Supp. 3d 288 (E.D.N.Y. 2015) .......... 13

*Kappel v. Comfort*
914 F. Supp. 1056 (S.D.N.Y. 1996) .......... 14, 16–17

*Kistler Instrumente A. G. v. PCB Piezotronics, Inc.*
419 F. Supp. 120 (W.D.N.Y. 1976) .......... 17

*Lasala v. E*TRADE Sec. LLC*
2005 WL 2848853 (S.D.N.Y. Oct. 31, 2005) .......... 16

*Lloyd v. J.P. Morgan Chase & Co.*
2012 WL 3339045 (S.D.N.Y. Aug. 14, 2012) .......... 8

*Medina v. Angrignon*
2022 WL 1555083 (W.D.N.Y. May 17, 2022) .......... 14–15

*Michel v. Petco Animal Supplies Stores, Inc.*
404 F. Supp. 3d 685 (E.D.N.Y. 2017) .......... 9

*Motorola, Inc. v. Abeckaser*
2009 WL 816343 (E.D.N.Y. Mar. 26, 2009) .......... 16

*Piper Aircraft Co. v. Reyno*
454 U.S. 235 (1981) .......... 12

*Quinn v. Walgreen Co.*
958 F. Supp. 2d 533 (S.D.N.Y. 2013) .......... 1–3, 5–7, 10, 13, 15, 17

*Rankine v. Levi Strauss & Co.*
674 F. Supp. 3d 57 (S.D.N.Y. 2023) .......... 14, 16–17

*Readick v. Avis Budget Group, Inc.*
2014 WL 1683799 (S.D.N.Y. Apr. 28, 2014) .......... 9, 14

**TABLE OF AUTHORITIES**

Page(s)

*Rothschild v. Gen. Motors LLC*
2020 WL 13581659 (E.D.N.Y. Sept. 30, 2020) .......... 7, 10–11, 15

*Schwartz v. Marriott Hotel Servs., Inc.*
186 F. Supp. 2d 245 (E.D.N.Y. 2002) .......... 12

*Shimon v. Equifax Info. Servs. LLC*
2018 WL 4906245 (E.D.N.Y. Oct. 9, 2018) .......... 11

*Speedfit LLC v. Woodway USA, Inc.*
53 F. Supp. 3d 561 (E.D.N.Y. 2014) .......... 13

*Stoltz v. Fage Dairy Processing Indus., S.A.*
2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) .......... 12

*Travis v. Navient Corp.*
284 F. Supp. 3d 335 (E.D.N.Y. 2018) .......... 2, 7–10, 14–15

*Utica Mut. Ins. Co. v. Emps. Ins. Co. of Wausau*
2013 WL 12290841 (N.D.N.Y. Sept. 26, 2013) .......... 13

*Walker v. Kettle & Fire Inc.*
2026 WL 571302 (E.D.N.Y. Mar. 2, 2026) .......... 9

*Walsh v. Nelnet Servicing, LLC*
2025 WL 2022631 (S.D.N.Y. July 18, 2025) .......... 9

*Wechsler v. Macke Int'l Trade, Inc.*
1999 WL 1261251 (S.D.N.Y. Dec. 27, 1999) .......... 12

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*
899 F. Supp. 2d 235 (E.D.N.Y. 2012) .......... 9

**Related Proceedings**

*Duffey v. Arcadia Consumer Healthcare Inc.*
Mem. and Recommendation (July 15, 2026), ECF No. 18-4 .......... 2, 5, 7, 10–11, 15

*Hayde v. Arcadia Consumer Healthcare, Inc.*
No. 8:24-cv-02657-JDE (C.D. Cal.) .......... 1–11, 14–17

*White v. Arcadia Consumer Healthcare Inc.*
Transfer Order (S.D. Fla.), ECF No. 18-2 .......... 2, 4, 15

# TABLE OF AUTHORITIES

Page(s)

**Statutes**

28 U.S.C. § 1404(a) .......... 4, 11, 13

California Consumers Legal Remedies Act .......... 4

California False Advertising Law .......... 4

California Unfair Competition Law .......... 4

Fair Labor Standards Act .......... 9

N.Y. General Business Law §§ 349–350 et seq. .......... 4

N.Y. U.C.C. § 2-313 .......... 4

N.Y. U.C.C. § 2-314 .......... 4

**Rules**

Fed. R. Civ. P. 23(f) .......... 2, 14

Individual Practices in Civil Cases of Judge Analisa Torres, Rule III(D) .......... 19

**MEMORANDUM OF LAW**

## I. INTRODUCTION

Defendant Arcadia Consumer Healthcare, Inc. ("Arcadia") asks this Court to put Plaintiff Linette Fox's ("Fox") New York claims on hold indefinitely so that a California court can decide whether California consumers were deceived under California law. The first-to-file rule does not permit that outcome. A stay of Fox's claims is not appropriate for the following reasons:

*First*, the first-to-file rule applies only where two actions involve substantially the same parties and the same claims. There is no substantial similarity here. Fox brings claims for violations of New York law only and on behalf of New York consumers only. By contrast, *Hayde v. Arcadia Consumer Healthcare, Inc.* seeks certification for a class consisting of California consumers only for violations of California law.[1] Whatever happens in *Hayde*, its outcome will not bind Fox or any member of the class she seeks to represent. That is why courts in this District, when presented with similar factual circumstances, decline to apply the rule even when a later-filed action is brought against the same defendant alleging claims against the same product. *See Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 539 (S.D.N.Y. 2013) (no substantial similarity between class action alleging violations of California law on behalf of California consumers and class action alleging violations of New York law on behalf of New York consumers); *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 552 (S.D.N.Y. 2016) (same).

---

[1] References in this brief to Hayde's California-only class concern the class presently proposed for certification. Wheeler's motion defines that class as "All persons residing in the State of California who purchased the liquid, ointment, pen, or spray Fungi-Nail products from December 6, 2020 to present." Pl. Megan Wheeler's Mot. for Class Certification at 8, *Hayde v. Arcadia Consumer Healthcare, Inc.*, No. 8:24-cv-02657-JDE (C.D. Cal. Sept. 11, 2026), ECF No. 113 (Page ID 5303). The motion seeks certification of California statutory claims and applies the same California class definition to damages, prospective relief, and alternative issue certification. *Id.* at 8–9 (Page ID 5303–5304). It does not request certification of a nationwide class or a New York class.

*Second*, the first-to-file rule does not apply where, as here, the later-filed plaintiff's claims would not be included in the first-filed action. *Catalano*, 167 F. Supp. 3d at 552 (declining to apply the rule where "the claims asserted in each case arise under the laws of different states"); *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 349 (E.D.N.Y. 2018) ("where, as here, the plaintiff in the later-filed action would not be included in the first-filed action, courts have correctly declined to apply the first-filed rule."). Arcadia's fallback is that *Hayde* and *Duffey v. Arcadia Consumer Healthcare Inc.* still contain nationwide class allegations. But a nationwide class that has been pleaded but never certified does not create the overlap the rule requires. *Quinn*, 958 F. Supp. 2d at 539. The out-of-circuit decisions in *Duffey* or *White v. Arcadia Consumer Healthcare Inc.* do not change this analysis either. They apply Eleventh and Fourth Circuit law, contain little independent analysis and do not bind this Court.

*Third*, even if the first-to-file rule applied, the balance of convenience favors Fox's chosen home forum and thus warrants an exception. *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). Arcadia is headquartered in New Jersey, not California, and so gains no convenience from deferring to *Hayde*. The locus of operative facts includes New York, where Fox bought the product and was injured. The parties' relative means also favor Fox.

*Last*, Arcadia has also failed to carry its burden to justify a discretionary stay under the Court's inherent powers. The stay Arcadia seeks is effectively indefinite and prejudicial because it is tied to a case that still faces class certification, summary judgment, trial, and possible Rule 23(f) appeals. *Fleet Connect Sols. LLC v. Forward Thinking Sys. LLC*, 818 F. Supp. 3d 350, 355 (E.D.N.Y. 2026) (denying stay that would "unduly prejudice [plaintiff] by indefinitely delaying any relief in this action.").

The burden Arcadia claims is limited to the ordinary cost of defending a lawsuit, and its judicial economy and inconsistent judgment arguments necessarily fail because *Hayde* (and every other foreign action its Motion identifies) cannot resolve the New York claims alleged in this action. *Quinn*, 958 F. Supp. 2d at 540 (where the parties and issues are not identical between putative class actions, "considerations of judicial administration and conservation of resources' do not counsel in favor of staying this case."). A stay would only delay relief for New York consumers. The motion should be denied.

## II. FACTUAL BACKGROUND

Fox is a New York citizen who purchased Arcadia's Fungi-Nail products under the false but reasonable belief that they would treat nail fungus, as Arcadia advertises. ECF No. 1 ("Compl.") at ¶¶8–9. Fox was misled by the products' "Fungi-Nail" name, along with the claims made on its front label stating that it "Kills Fungus" and is "Clinically Proven to Cure and Prevent Fungal Infections" placed directly next to pictures of a toenail. *Id.*, at ¶¶14–16. In truth, Arcadia's Fungi-Nail products are not effective at treating nail fungus. *Id.*, at ¶¶17–18.

Arcadia is a Delaware corporation with its principal offices in Bridgewater, New Jersey. Compl., at ¶11. Arcadia markets and sells the Fungi-Nail products in liquid, spray and pen form nationwide, including throughout the State of New York. *Id.* Fox purchased one 0.101-fluid-ounce Fungi-Nail Pen Applicator Anti-Fungal Solution from Amazon.com, which was delivered to her New York address. *Id.* at ¶8.

As a direct and proximate result of Arcadia's misleading advertising and product labeling, Fox was injured. Fox would not have purchased Arcadia's Fungi-Nail product had she known the truth: that the products did not effectively kill nail fungus despite their misleading representations.

Compl., at ¶2. Accordingly, Fox brought this class action[2] against Arcadia in her home District, seeking to represent other similarly misled individuals throughout the State of New York. *Id.*, at 6 ¶19.

*Hayde v. Arcadia Consumer Healthcare, Inc.* was filed in the Central District of California on December 6, 2024. Its current Second Amended Complaint names two California plaintiffs and seeks a California class and a putative nationwide class. Ex. A, ECF No. 18-1 (*Hayde* Second Am. Compl.) at ¶20. *Hayde*'s nationwide causes of action are only intentional misrepresentation, negligent misrepresentation, and express warranty. *Id.* at ¶¶28–55, 73–77. California's False Advertising Law, Unfair Competition Law, and Consumers Legal Remedies Act counts are expressly limited to the California class. *Id.* at 77–81 ¶¶56–72, 78–82. *Hayde* pleads no GBL claim, no implied-warranty claim, and no fraudulent concealment or unjust enrichment claims.

Furthermore, the putative class representative in *Hayde* has filed a motion for class certification seeking only to certify her California False Advertising Law, Unfair Competition Law, and Consumers Legal Remedies Act claims on behalf of California residents only. *See* No. 8:24-cv-02657-JDE (C.D. Cal. Sept. 11, 2026) at ECF No. 113. Thus, the class presently proposed for certification in *Hayde* would exclude Fox and the proposed New York class.

Arcadia also relies on *White v. Arcadia Consumer Healthcare Inc.* in which the Southern District of Florida entered a short order transferring a Florida action to California under Eleventh Circuit law and § 1404(a). Ex. B (*White* Order), ECF No. 18-2 at 84–85. The *White* Order contains

[2] Fox alleges causes of action for violations of New York common law and statute only. Her common law claims are: (1) fraud; (2) fraudulent concealment and omission; (3) negligent misrepresentation (pled in the alternative to fraud), and (4) unjust enrichment. Compl., at ¶¶2–63 & 92-97. Her New York statutory claims are: (1) violations of New York's General Business Law §§349-50, *et seq.* ("GBL"); (2) breach of express warranty, N.Y. U.C.C. §2-313, and (3) breach of the implied warranty of merchantability, N.Y. U.C.C. § 2-314. Compl., at ¶¶64–91.

no independent factor-by-factor analysis. *Id.* It is also nonbinding and applies a different circuit's first-to-file doctrine. Arcadia further relies on a magistrate judge's July 15, 2026 recommendation in *Duffey v. Arcadia Consumer Healthcare Inc.* The *Duffey* recommendation applies Fourth Circuit authorities only. Ex. D, ECF No. 18-4 (*Duffey* Mem. and Recommendation) at 134–39. Neither ruling is determinative for the issues before this Court.

## III. LEGAL STANDARD

The first-filed rule "does not constitute an invariable mandate." *Emps. Ins.*, 522 F.3d at 275. It is "only a 'presumption' that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action," and its application "still requires selection of the more appropriate forum." *Id.*

Arcadia invokes the first-to-file rule and seeks to stay this action pending the resolution of *Hayde*. "When applying the first-filed rule to assertedly duplicative actions, the court must carefully consider whether the suits are, in fact, duplicative, and must 'not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are also the same.'" *Quinn v. Walgreen Co.,* 958 F. Supp. 2d 533, 539 (S.D.N.Y. 2013) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 136 (2d Cir. 2000)). When applying the rule to class actions, "identical or substantially similar parties and claims must be present in both courts." *Id.* (alterations and internal quotations omitted).

# IV. ARGUMENT

## A. The First-to-File Rule Does Not Warrant a Stay

### 1. *Hayde* and this action do not present identical issues nor parties, as is required to apply the rule

Arcadia contends that there is substantial overlap between *Hayde* and this action because both are consumer class actions alleging violations of California and New York consumer protection laws, respectively. ECF 18 ("Mot.") at 9-10. That is not sufficient under the district court decisions discussed here. Indeed, Courts in this district analyzing parallel consumer class actions have declined to find similar parties and claims sufficient to warrant the rule's application when they do not assert claims under the same state laws or seek to represent the same class of consumers. *See Quinn*, 958 F. Supp. 2d at 539.

*Quinn* is directly instructive. There, a Southern District court declined to stay a second-filed consumer class action under the first-to-file rule because it found it "present[ed] neither identical issues nor identical parties," despite both cases alleging consumer claims against the same defendant and the same glucosamine supplement product. *Quinn*, 958 F. Supp. 2d at 539. It did so because the plaintiff in the first-filed action "purchased defendant's product in California and asserts claims under California law" whereas the plaintiffs in the second-filed action "raise[d] claims under New York and Connecticut law and seek certification of New York and Connecticut classes." *Id.* The *Quinn* court did so despite that the first-filed case "also seek[s] certification of a multi-state class that could potentially encompass New York and Connecticut consumers" because "no nationwide class has, in fact, been certified" and "[t]herefore, neither the parties nor the issues in this case are identical." *Id.*

So too here. The plaintiffs in *Hayde* purchased Arcadia's products in California and currently seek to represent California consumers only for violations of California law rather than a nationwide class. *See* Sec. II. Likewise, Fox purchased Arcadia's product in New York and seeks to represent New York consumers only for violations of New York law. *Id.* Whether a nationwide class was initially alleged in *Hayde* (or *Duffey*) is immaterial: no nationwide class has been certified in either case. Accordingly, "neither the parties nor the issues in this case are identical to those in" *Hayde* (or any other action listed by Arcadia).[3] *Quinn*, 958 F. Supp. 2d at 539; *see also Rothschild v. Gen. Motors LLC*, No. 19CV05240DLIRLM, 2020 WL 13581659, at *8 (E.D.N.Y. Sept. 30, 2020) (finding no substantial overlap between parties and issues where the first-filed action asserted claims under Maryland law and sought certification of a Maryland subclass and the second-filed action asserted claims under New York law and sought certification of a New York subclass).

**2. The rule does not apply where, as here, the later-filed plaintiff's claims would not be included in the first-filed action**

The first-to-file rule should not be applied for a second reason. Courts in this Circuit decline to apply it where, as here, "the plaintiff's claims would not be included in the first-filed action." *See Travis*, 284 F. Supp. 3d at 347 (E.D.N.Y. 2018); *see also Catalano*, 167 F. Supp. 3d at 552.

*Travis* and *Catalino* are instructive here. The *Catalino* court considered the exact same question as here: whether to apply the first-to-file rule to dismiss, transfer or stay a later-filed putative class action asserting claims under New York law on behalf of New York consumers in favor of an earlier-filed class action asserting claims under California law on behalf of California

[3] While Arcadia notes that the Eastern District of North Carolina found substantial similarity in *Duffey*, "the decision of a district court in another district in a case involving different plaintiffs and different law certainly is not binding on this Court." *Quinn*, 958 F. Supp. 2d at 540.

consumers. 167 F. Supp. 3d at 551-52. It declined to apply the rule because "although plaintiffs in both actions allege violations of warranties and consumer fraud statutes, the claims asserted in each case arise under the laws of different states," and accordingly, "[r]esolution of the claims in [the first-filed action] is therefore, not dispositive of the claims presented here." *Id.* at 552.

The *Travis* court went one step further. It declined to apply the first-to-file rule to two concurrently filed class actions despite both actions sharing "similar factual allegations, the same state law claims, and overlapping putative classes" because "the plaintiff in the later-filed action would not be included in the first-filed action." *Travis*, 284 F. Supp. 3d at 348–49. On the question of whether to stay the later-filed action specifically, the district court declined to do so because it found prejudice resulting from the fact that "plaintiff's rights would be delayed until some future, unknown time" should a stay be granted. *Id.* at 348.

Other cases have reached similar conclusions. *Lloyd v. J.P. Morgan Chase & Co.*, No. 11 CIV 9305(LTS), 2012 WL 3339045, at *2 (S.D.N.Y. Aug. 14, 2012) (finding transfer under the first-filed rule unwarranted "because the state-law based claims and class definition in the [first-filed] action d[id] not subsume, and their resolution would not be conclusive of, those asserted in the instant action"); *Burns v. Gerber Prods. Co.*, No. CV-12-5027-EFS, 2012 WL 8251405, at *2–3 (E.D. Wash. Sept. 4, 2012) (denying motion to dismiss under first-filed rule when it was "not apparent from the face of the complaints whether even the named Plaintiff in [the later-filed case] would fall within [the first-filed case's] proposed class definition").

The same should apply here: as explained above, *Hayde's* putative class representative seeks to certify a class consisting of *only* California residents for violations of California law *only*. *See* Sec. II. Meanwhile, Fox is a New York resident who brings claims for violations of New York law only, and only on behalf of a putative class of New York residents. *Id.* Neither her claims nor

her alleged putative class would be included in *Hayde* even if its proposed class is certified, which precludes application of the first-to-file rule. *Travis*, 284 F. Supp. 3d at 349 ("where, as here, the plaintiff in the later-filed action would not be included in the first-filed action, courts have correctly declined to apply the first-filed rule.") (citing cases); *Catalano*, 167 F. Supp. 3d at 552 (declining to apply the rule where resolution of the first-filed action is "not dispositive" to the claims asserted in the later-filed action).

Arcadia's largely unpublished caselaw is inapposite: each case it cites applied the rule where later-filed actions brought the same claims or sought to represent substantially the same classes as the first-filed action. *Readick v. Avis Budget Group, Inc*. applied the first-to-file rule because "the putative [first-filed] class subsumes the putative *Readick* class" such that "any judgment or settlement in [the first-filed class] would likely bind the *Readick* plaintiffs." No. 12 CIV. 3988 PGG, 2014 WL 1683799, at *4 (S.D.N.Y. Apr. 28, 2014). *Walsh v. Nelnet Servicing, LLC* applied the rule where two putative class actions "bring a single claim against the same defendant…under the same statute." No. 24 CIV. 4325 (DEH), 2025 WL 2022631, at *3 (S.D.N.Y. July 18, 2025). *Wyler-Wittenberg v. MetLife Home Loans, Inc.* applied the rule where four putative class actions all brought claims under the FLSA and all sought nationwide classes. 899 F. Supp. 2d 235, 243-45 (E.D.N.Y. 2012). *Walker v. Kettle & Fire Inc.* similarly applied the rule to a second-filed action where both cases sought nationwide classes, and contrastingly *Hayde*'s complaint do not expressly encompass New York consumer-protection law. No. 25-CV-6568 (BMC), 2026 WL 571302, at *3 (E.D.N.Y. Mar. 2, 2026). *Michel v. Petco Animal Supplies Stores, Inc.*'s plaintiff "[was] a plaintiff in both cases" and its putative class was almost entirely subsumed into the earlier-filed action's class. 404 F. Supp. 3d 685, 689 (E.D.N.Y. 2017). None of these cases

support applying the rule to a later-filed action such as this one, where neither the claims nor the putative classes overlap.

Nevertheless, Arcadia contends that, because neither the *Hayde* nor *Duffey* plaintiffs have "formally" abandoned their respective nationwide classes, application of the first-to-file rule is still appropriate "[i]n the event they maintain their nationwide class." Mot. at 9. Arcadia does not explain what must be done to "formally" abandon a putative nationwide class, nor does it offer authority supporting its proposition that the mere possibility that a first-filed class representative may seek certification of a nationwide class at some undefined time is by itself sufficient to support applying the first-to-file rule.

And for good reason: courts in this Circuit have expressly held the opposite. *See Quinn,* 958 F. Supp. 2d at 539 (declining to apply first-to-file rule because "[a]lthough the [first-filed] action also seeks certification of a multi-state class that could potentially encompass New York and Connecticut consumers, no nationwide class has, in fact, been certified in [the first-filed action]"); *Travis*, 284 F. Supp. 3d at 348 (declining to apply the rule where proposed intervenors argued, without authority, that the second action's putative class "is similar to or at least partially subsumed within the putative class of the first-filed action"); *Rothschild,* 2020 WL 13581659, at *8 ("While both cases also seek certification of a multi-state class, because a nationwide class has not been certified yet, neither the parties nor the issues substantially overlap.").

*Rothschild* supplies the reasoning. Its district court explained that, prior to nationwide certification, "there are many possibilities at this juncture that could further differentiate the putative classes in each case." *Rothschild,* 2020 WL 13581659, at *8. For example, here Fox and other putative class members may opt-out of the *Hayde* or *Duffey* actions even if they certify nationwide classes in the future. *Id*. Alternatively, the *Hayde* or *Duffey* class representatives may

ultimately be found inadequate. *Id*. Or, more likely, *Hayde* and *Duffey* could both settle before any nationwide class is certified. *Id.* Given these foreseeable scenarios, application of the first-to-file rule to indefinitely stay Fox's claims based on the mere possibility that her claims may someday be included in those actions would not be appropriate. *Id*.; *see also Shimon v. Equifax Info. Servs. LLC*, No. 18-CV-2959 (BMC), 2018 WL 4906245, at *2 (E.D.N.Y. Oct. 9, 2018) (noting these possibilities as the reason for the court's "skeptic[ism]" regarding whether the first-filed rule is appropriate in putative class actions).

**3. The "balance of convenience" factors do not favor application of the first-to-file rule**

Additionally, an exception to the first-to-file rule applies here. The Second Circuit recognizes an exception to the rule where the "balance of conveniences" favors the second-filed action. *Emps. Ins.,* 522 F.3d at 275 (citing cases). "[T]he factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Id.* (quoting *Everest Capital Ltd. v. Everest Funds Mgmt., L.L. C.,* 178 F.Supp. 2d 459, 465 (S.D.N.Y. 2002)). Among these factors are:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 106–07 (2d Cir. 2006). Where a balance of these factors does not weigh in favor of the moving party, the first-filed rule does not apply. *See, e.g., Albright v. Terraform Labs, Pte. Ltd.*, 641 F. Supp. 3d 48, 57 (S.D.N.Y. 2022). Here, these factors all either weigh in Fox's favor or are neutral at best, with no factor definitively supporting Arcadia's request.

**The first, fourth, fifth, and seventh factors clearly favor Fox**. Fox's choice to bring this action in her home forum is "presumptively entitled to substantial deference." *Atl. Recording Corp. v. Project Playlist, Inc.,* 603 F.Supp. 2d 690, 698 (S.D.N.Y.2009); *Gross v. Brit. Broad. Corp.*, 386 F.3d 224, 231 (2d Cir. 2004) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 256 n.33 (1981)). Arcadia cannot claim any resulting inconvenience from litigating this action in New York that it would not also experience litigating in California, whereas litigation in New York is clearly more convenient for Fox. *See Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 618 (S.D.N.Y. 2016) (convenience of the parties favors nonmovant where defendant's principal place of business was in neither the transferor nor transferee district). Likewise, the locus of operative facts is shared between Arcadia's New Jersey headquarters and New York, where Fox purchased its product and was injured. *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-CV-3826 MKB, 2015 WL 5579872, at *9 (E.D.N.Y. Sept. 22, 2015) ("Plaintiffs are correct that the places at which they purchased the Total 0% Products and incurred the alleged harm are also relevant to the claims"). Finally, Fox's means are comparatively meager to Arcadia's vast resources: she is an individual whereas Arcadia is a nationwide corporation. *Schwartz v. Marriott Hotel Servs., Inc.*, 186 F. Supp. 2d 245, 251 (E.D.N.Y. 2002) ("an apparent disparity exists between the parties…when an individual sues a large corporation").

**The remaining factors weigh neutrally**. Arcadia is headquartered in New Jersey and all or nearly all of its relevant witnesses and evidence will be located there. *Wechsler v. Macke Int'l Trade, Inc.,* No. 99 Civ. 5725(AGS), 1999 WL 1261251, at *6 (S.D.N.Y. Dec. 27, 1999) ("[T]he Court dismisses from consideration the convenience of witnesses who are located outside both the current and transferee forums."). Likewise, to the extent the relevant witnesses are Arcadia's current employees, their testimony can reasonably be expected to be available in this District by

virtue of their employment relationship, without the need for compulsory process. *See Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006) (recognizing that parties can secure their own employees' testimony without subpoenas).

Where, as here, all or almost all of the §1404(a) factors weigh in the nonmovant's favor or are at least neutral, Plaintiff's choice of her home forum must prevail. *See, e.g., Speedfit LLC v. Woodway USA, Inc.,* 53 F. Supp. 3d 561, 578 (E.D.N.Y. 2014) (where the transfer factors "are generally neutral and do not strongly favor" transfer, the court "gives deference to plaintiffs' choice of forum"); *Complaint of Connecticut Nat. Bank*, 687 F. Supp. 111, 113 (S.D.N.Y. 1988) (explaining that transfer is appropriate only when the balance of convenience weighs heavily in favor of the transferee court) (citing cases). Accordingly, the balance of convenience exception to the first-to-file rule also precludes its application here.

**B. This Court Should Not Stay This Action Under Its Inherent Powers Either**

Because the first-to-file rule does not apply here, Arcadia's Motion to stay may be denied on that basis alone. *See, e.g., Quinn,* 958 F. Supp. 2d at 539 (denying motion to stay based on the first-to-file rule without applying a discretionary stay analysis); *Utica Mut. Ins. Co. v. Emps. Ins. Co. of Wausau*, No. 612CV1293NAMTWD, 2013 WL 12290841, at *6 (N.D.N.Y. Sept. 26, 2013) (same). Nevertheless, because Arcadia also requests that the Court stay this action under its discretionary powers, Fox addresses that request below as well. Mot. at 16-17.

"On a motion to stay, it is the moving party's burden to establish a clear case of hardship or inequity in being required to go forward." *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288, 315 (E.D.N.Y. 2015) (internal quotations omitted). "[I]f there is even a fair possibility that the stay for which he prays will work damage to some one else, the movant must make out a clear case of hardship or inequity in being required to go forward."

*Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 68 (S.D.N.Y. 2023). The factors usually applied by courts in this Circuit when deciding a motion to stay a civil action are: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort,* 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

**The first *Kappel* factor, the private interests of Fox, weighs against a stay**. "Courts are generally reluctant to stay proceedings out of concern for a plaintiff's right to proceed with [his] case." *Readick*, 2014 WL 1683799, at *3. Here, Arcadia seeks an essentially indefinite stay of this action pending the resolution of the *Hayde* action, which is still in the midst of class certification briefing and is far from reaching a conclusion.[4] Such uncertain requests for stays of indefinite duration are generally disfavored in this District, and for good reason: it would "unduly prejudice [Fox] by indefinitely delaying any relief in this action." *Fleet Connect Sols.,* 818 F. Supp. 3d at 355 ("the indefinite nature of the requested stay counsels against granting a stay"); *see also Medina v. Angrignon*, No. 15-cv-0427, 2022 WL 1555083, at *2 (W.D.N.Y. May 17, 2022) ("[S]tays of indefinite duration are generally disfavored."); *Travis*, 284 F. Supp. 3d at 348 (plaintiffs would be prejudiced by a stay because "plaintiff's rights would be delayed until some future, unknown time").

Arcadia contends that the prejudice resulting from a stay is limited because *Hayde* will resolve certain labeling issues regarding its products, which are at the center of both this action

[4] Arcadia contends, without elaboration, that *Hayde* has "a defined endpoint." Mot. at 15. There is no basis for this assumption. Even if class certification were denied in *Hayde*, there are still potential dispositive motions and trial, which will be lengthy endeavors which may take years to resolve. Further, any class certification decision may be appealed by either party, which would further delay *Hayde*'s resolution. *See* Fed. R. Civ. P. 23(f).

and *Hayde*. Mot. at 14-15. But as explained above, Fox's claims are not included in *Hayde*, which alleges only violations of California law, and thus any resolution in *Hayde* would not bind Fox or the putative class here. *See Catalano*, 167 F. Supp. 3d at 552 (resolution of the claims in the first-filed California action would not be dispositive of the New York claims in the later-filed action); *Quinn*, 958 F. Supp. 2d at 540; *Travis*, 284 F. Supp. 3d at 348 (plaintiff would be prejudiced by stay where they are "not included in the putative class of the first-filed action"). This is particularly true where, as here, Arcadia "does not seek dismissal of this action or transfer of this action" to California. *Quinn,* 958 F. Supp. 2d at 540.

Further, there is no guarantee that *Hayde's* resolution will resolve any of the issues identified by Arcadia. For example, the *Hayde* court could deny certification on adequacy or typicality grounds without resolving any common labeling questions regarding Arcadia's products. Alternatively, *Hayde* may settle before those questions are resolved as well. These foreseeable conclusions counsel against Arcadia's requested indefinite stay. *Rothschild,* 2020 WL 13581659, at *8.

Arcadia also contends that a stay would prevent duplicative proceedings and promote judicial economy. But because the first-to-file rule does not apply, "'considerations of judicial administration and conservation of resources' do not counsel in favor of staying this case." *Quinn*, 958 F. Supp. 2d at 540. Under Second Circuit precedent, this action and Hayde (as well as *Duffey*, *White* and the other actions Arcadia identifies in its Motion) do not involve similar parties or claims. *Quinn*, 958 F. Supp. 2d at 539; *Travis*, 284 F. Supp. 3d at 348. In such circumstances, staying Fox's claims until the resolution of *Hayde* only serves to unduly prejudice her by indefinitely delaying her relief. *Fleet Connect Sols.*, 818 F. Supp. 3d at 355; *Medina*, 2022 WL 1555083, at *2.

**The second *Kappel* factor, the private interests and burden on Arcadia, weighs against a stay**. Arcadia states that it will suffer hardship should it have to incur independent discovery and motion-related costs in this action. Mot. at 13. Arcadia's claim that "it is unduly burdened by defending this suit, which is common to any defendant in civil litigation," is unavailing. *Lasala v. E*TRADE Sec. LLC*, No. 05 CIV. 5869 (SAS), 2005 WL 2848853, at *5 (S.D.N.Y. Oct. 31, 2005); *Rankine*, 674 F. Supp. 3d at 68 (denying a stay pending another case's appeal because the asserted discovery burden did not outweigh prejudice from delay). Further, Arcadia can avoid any repetitive discovery in this action should it be willing to stipulate that the discovery it has already produced in *Hayde* may also be used here. Doing so eliminates much, if not all, of Arcadia's claimed burden.

**The third *Kappel* factor, the interests of the courts, does not weigh in favor of a stay**. Arcadia contends that staying this action would conserve judicial resources, reduce the risk of inconsistent rulings, and streamline class certification-related issues. Mot. at 11-12. However, as explained above, "the absence of overlapping issues" between this action and *Hayde* undercuts these arguments and therefore "counsels against a stay." *GOJO Indus., Inc. v. Innovative Biodefense, Inc.*, 407 F. Supp. 3d 356, 364 (S.D.N.Y. 2019) (finding this factor did not weigh in favor of stay of parallel action); *see also Aukema v. Chesapeake Appalachia, LLC*, 839 F. Supp. 2d 555, 559-61 (N.D.N.Y. 2012) (judicial economy not promoted where there is a lack of common issues between proceedings); *Motorola, Inc. v. Abeckaser*, No. 07-CV-3963 CPS/SMG, 2009 WL 816343, at *3 (E.D.N.Y. Mar. 26, 2009)("a court's interest is usually best served by discouraging motions to stay.... Courts have an interest in managing their cases and efficiently resolving litigation."). Indeed, given that this action and *Hayde* involve entirely distinct classes of consumers and non-overlapping state law claims, any class-wide resolution in *Hayde* would not by itself resolve Fox's claims here.

**Finally, the fifth *Kappel* factor,[5] the public interest, does not weigh in favor of a stay**. Arcadia raises the risk of inconsistent judgments and the conservation of judicial resources should this action be allowed to proceed with *Hayde*. Mot. at 13-14. But as with the third factor, "[w]here the issues or the parties are not substantially identical, there is no justification for a court to hold one proceeding in abeyance." *Kistler Instrumente A. G. v. PCB Piezotronics, Inc.*, 419 F. Supp. 120, 123 (W.D.N.Y. 1976). Here, "the disparity of issues" between this New York-based action and the California-based *Hayde* action "precludes granting a stay," despite Arcadia's judicial efficiency argument and the possibility of inconsistent outcomes. *See Aerotel, Ltd. v. IDT Corp.*, 486 F. Supp. 2d 277, 284-86 (S.D.N.Y. 2007) (rejecting judicial efficiency and inconsistent outcome arguments where actions were not substantially similar); *see also Aukem*a, 839 F. Supp. 2d at 561 ("considering the lack of common issues…it is found that judicial economy would not be promoted by a stay of this action."); *Quinn*, 958 F. Supp. 2d at 540 (where the parties and issues are not identical between putative class actions, "'considerations of judicial administration and conservation of resources' do not counsel in favor of staying this case.").

Here, because no Kappel factor weighs in favor of the requested stay, Arcadia has not met its burden. *See, e.g. Rankine*, 674 F. Supp. 3d at 69 (denying motion to stay where the first factor "weighs only slightly in Plaintiff's favor" and where the remaining factors did not weigh in defendant's favor). Its request for a discretionary stay should be denied as well.

---

[5] Fox agrees with Arcadia that the fourth *Kappel* factor, non-party interests, is not implicated here. Mot. at 15.

## V. CONCLUSION

For the foregoing reasons, and each of them, Arcadia's Motion to stay this action should be denied in full.[6]

Dated: September 30, 2026

**WILSHIRE LAW FIRM, PLC**

*/s/ Thiago M. Coelho*
Thiago M. Coelho

*Attorneys for Plaintiff and the Proposed Class*

---

[6] Arcadia's Motion includes an alternative request to stay its deadline to respond to Fox's complaint until after the Motion's resolution. Mot. at 17. The Parties subsequently stipulated to similar relief, which this Court granted on September 24, 2026. See ECF No. 20.

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMIT**

Pursuant to Rule III(D) of the Individual Practices in Civil Cases of the Honorable Analisa Torres, I certify that Plaintiff Linette Fox's Opposition to Defendant Arcadia Consumer Healthcare Inc.'s Motion to Stay or, in the Alternative, to Extend the Deadline to Respond to the Complaint contains **5, 556 words** and complies with the applicable 8,750-word limit. This count includes footnotes and endnotes and excludes the caption, any index, table of contents, table of authorities, signature blocks, and required certificates. In preparing this certification, I relied on the word-count function of Microsoft Word.

Dated: September 30, 2026

**WILSHIRE LAW FIRM, PLC**

*/s/ Thiago M. Coelho*
Thiago M. Coelho

*Attorneys for Plaintiff and the Proposed Class*