UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINETTE FOX, individually and on behalf of all others similarly situated,

*Plaintiff*,

- against -

ARCADIA CONSUMER HEALTHCARE, INC., a Delaware corporation,

*Defendant*.

Case No. 26 Civ. 6232 (AT) (JW)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ARCADIA CONSUMER HEALTHCARE, INC.'S MOTION TO STAY; OR, IN THE ALTERNATIVE, TO EXTEND DEADLINE TO RESPOND TO COMPLAINT**

DAVIS WRIGHT TREMAINE LLP
Geoffrey S. Brounell
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020-1104
Phone: (212) 489-8230
geoffreybrounell@dwt.com

*Attorney for Defendant Arcadia Consumer Healthcare, Inc.*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. The First-to-File Rule Warrants a Stay. ..... 2

B. The Balance of Convenience Under the Relevant *Kappel* Factors Favors a Stay. ..... 5

1. The First *Kappel* Factor, Private Interests of Plaintiff, Does Not Weigh Significantly Against a Stay ..... 6

2. The Second *Kappel* Factor, Arcadia's Private Interests, Weighs Heavily in Favor of a Stay. ..... 7

3. The Third and Fifth *Kappel* Factors, the Interests of the Courts and the Public Interest, Strongly Favor a Stay. ..... 8

C. In the Alternative, the Court Should Stay This Action Under Its Inherent Authority. ..... 9

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
626 F.3d 699 (2d Cir. 2010)....................1

*Aerotel, Ltd. v. IDT Corp.*,
486 F. Supp. 2d 277 (S.D.N.Y. 2007)....................9

*Aukema v. Chesapeake Appalachia, LLC*,
839 F. Supp. 2d 555 (N.D.N.Y. 2012)....................8, 9

*Baatz v. Columbia Gas Transmission, LLC*,
814 F.3d 785 (6th Cir. 2016)....................4

*Caspian Invs., Ltd. v. Vicom Holdings, Ltd.*,
770 F. Supp. 880 (S.D.N.Y. 1991)....................2

*Catalano v. BMW of North America, LLC*,
167 F. Supp. 3d 540 (S.D.N.Y. 2016)....................4

*D.H. Blair & Co., Inc. v. Gottdiener*,
462 F.3d 95 (2d Cir. 2006)....................6

*Diatek Licensing LLC v. Estrella Media, Inc.*,
2022 WL 5108090 (S.D.N.Y. Oct. 4, 2022)....................7

*Duffey v. Arcadia Consumer Healthcare, Inc.*,
2026 WL 2373345 (E.D.N.C. Aug. 14, 2026)....................1, 5

*Enron Oil Corp. v. Diakuhara*,
10 F.3d 90 (2d Cir. 1993)....................6

*Fleet Connect Sols. LLC v. Forward Thinking Sys. LLC*,
818 F. Supp. 3d 350 (E.D.N.Y. 2026)....................7

*GOJO Indus., Inc. v. Innovative Biodefense, Inc.*,
407 F. Supp. 3d 356 (S.D.N.Y. 2019)....................8

*In re Cuyahoga Equip. Corp.*,
980 F.2d 110 (2d Cir. 1992)....................2

*Kappel v. Comfort*,
914 F. Supp. 1056 (S.D.N.Y. 1996)....................5, 6, 7

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)....................2, 9

*LaSala v. Needham & Co., Inc.*,
399 F. Supp. 2d 421 (S.D.N.Y. 2005)....................5

*Liguori v. Wells Fargo Bank, N.A.*,
2020 WL 5370709 (S.D.N.Y. Sep. 8, 2020)....................6, 9

*Medina v. Angrignon*,
2022 WL 1555083 (W.D.N.Y. May 17, 2022)....................7

*Nelson v. G.Skill USA, Inc.*,
2023 WL 3300408 (W.D.N.Y. May 8, 2023)....................4, 5

*Quinn v. Walgreen Co.*,
958 F. Supp. 2d 533 (S.D.N.Y. 2013)....................3

*Rankine v. Levi Strauss & Co.*,
674 F. Supp. 3d 57 (S.D.N.Y. 2023)....................8

*Readick v. Avis Budget Group, Inc.*,
2014 WL 1683799 (S.D.N.Y. Apr. 28, 2014)....................2, 4, 5, 6

*Regions Bank v. Wieder & Mastroianni, P.C.*,
170 F. Supp. 2d 436 (S.D.N.Y. 2001)....................1

*Rothschild v. General Motors LLC*,
2020 WL 13581659 (E.D.N.Y. Sep. 30, 2020)....................4

*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*,
356 F. Supp. 3d 287 (S.D.N.Y. 2018)....................8

*Santana v. Cavalry Portfolio Servs., LLC*,
2019 WL 6173672 (S.D.N.Y. Nov. 19, 2019)....................3, 5

*Travis v. Navient Corp.*,
284 F. Supp. 3d 335 (E.D.N.Y. 2018)....................5

*White v. Arcadia Consumer Healthcare Inc.*,
No. 2:26-cv-14082-AMC, Dkt. No. 19 (S.D. Fla. June 25, 2026)....................1, 5

*William Gluckin & Co. v. Int'l Playtex Corp.*,
407 F.2d 177 (2d Cir. 1969)....................5

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
899 F. Supp. 2d 235 (E.D.N.Y. 2012)....................2, 3

**Federal Statutes**

28 U.S.C. § 1404(a)....................6

## I. INTRODUCTION

Plaintiff's opposition to Arcadia's Motion to Stay does not—and cannot—dispute the fundamental fact that *Fox* is substantially similar to five other actions filed by the same firm against the same defendant, alleging the same misconduct regarding the identical label on identical products. Two federal courts have already concluded that these duplicative actions should be transferred or stayed in favor of the first-filed action, *Hayde v. Arcadia Consumer Healthcare, Inc.*, No. 8:24-cv-02657-JDE (C.D. Cal.): the Southern District of Florida transferred *White*, a putative statewide class, to the Central District of California, *White v. Arcadia Consumer Healthcare Inc.*, No. 2:26-cv-14082-AMC, Dkt. No. 19 (S.D. Fla. June 25, 2026), and the Eastern District of North Carolina stayed a nationwide class pending resolution of *Hayde*, *Duffey v. Arcadia Consumer Healthcare, Inc.*, 2026 WL 2373345, at *1 (E.D.N.C. Aug. 14, 2026). Nor does Plaintiff dispute that *Hayde's* allegations are materially identical, or that she and the entire putative New York class are subsumed within the nationwide class currently stayed in *Duffey*.

To date, Plaintiff's counsel has filed three suits asserting claims on behalf of New York consumers: in December 2024, October 2025, and July 2026. Plaintiff nonetheless asks this Court to allow a later-filed statewide consumer class action to proceed in parallel with the first-filed, substantially overlapping Fungi-Nail litigation. The Court should decline that invitation.

The Second Circuit has made clear that "where there are two competing lawsuits, the first suit should have priority." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722 (2d Cir. 2010) (citation omitted). The first-to-file rule exists to "avoid duplication of judicial effort," "achieve comprehensive disposition of litigation," and "eliminate the risk of inconsistent adjudication." *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (citation omitted). Those concerns are acute here. When Plaintiff filed this action, there were two other pending lawsuits that fully encompassed

her proposed New York class. Plaintiff's counsel's recent tactical decision in September 2026 to seek to certify only a California class in *Hayde* does not diminish the importance of comity among federal courts, including the *Duffey* court in the Eastern District of North Carolina, which stayed the other nationwide class pending the outcome in *Hayde*. The Court should therefore follow the path already taken in *White* and *Duffey* and stay this action pending resolution of *Hayde* on the merits.

## II. ARGUMENT

### A. The First-to-File Rule Warrants a Stay.

Plaintiff does not dispute that there is one core, shared issue across the claims in the related cases: whether the Fungi-Nail label "KILLS FUNGUS" misled reasonable consumers and whether the qualifying language elsewhere on the label cured that impression. *See* Mot. at 10. Nor does Plaintiff dispute that the proposed classes consist of consumers who purchased Fungi-Nail products and differ only with respect to their state residency.

As Plaintiff concedes, the first-to-file rule "applie[s when] 'identical or **substantially similar** parties and claims [are] present in both courts.'" Opp. at 5 (emphasis added) (citation omitted); *see also In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116–17 (2d Cir. 1992); *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012). Plaintiff nevertheless argues that substantial overlap "is not sufficient" to trigger application of the first-to-file rule, citing several district court decisions. Opp. at 6. Specifically, Plaintiff argues the actions are not similar because this case invokes New York law and New York residents while *Hayde* invokes California law and California residents. Opp. at 8–9. That distinction deserves little weight, because "parties and claims need not be identical in order for one action to be stayed ... in deference to an earlier action." *Caspian Invs., Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In *Readick v. Avis Budget Group, Inc.*, the court stayed a New York consumer-protection action

regarding allegedly deceptive rental-car toll charges in deference to an earlier action in New Jersey because the state statutes were substantially similar and both were designed to protect consumers. 2014 WL 1683799, at *4 (S.D.N.Y. Apr. 28, 2014). *Wyler-Wittenberg* likewise held that New York state-law claims for minimum wage violations—in addition to the overlapping Fair Labor Standards Act claims—did not sufficiently distinguish a later-filed action where the core issues regarding failure to pay overtime substantially overlapped. 899 F. Supp. 2d at 244–45. Even though none of the 75 individual plaintiffs in *Wyler-Wittenberg* belonged to the two putative classes in the earlier-filed action, the court still found "vast similarities" because each plaintiff worked for the same employer during the relevant time period and held similar positions. *Id*. The same reasoning applies here: both this case and *Hayde* challenge the same product labeling and turn on the same alleged misrepresentation. Substantial overlap is therefore sufficient to warrant application of the first-to-file rule.

Plaintiff's authorities are distinguishable and non-binding. In *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 539 (S.D.N.Y. 2013), the earlier-filed action was still in the pleading stage, unlike here, where *Hayde* has already had substantial discovery, including Rule 30(b)(6) depositions, expert discovery, and the production of more than 20,000 documents, and has fully briefed summary judgment and class certification motions regarding the exact same label as here. *See* Mot. at 7. The court in *Quinn* also imposed requirements at odds with Plaintiff's own articulation of the first-to-file rule. First, the court declined to apply the rule because the case "presents neither identical issues nor identical parties" to the prior action. 958 F. Supp. 2d at 539. Neither is true here. As Plaintiff concedes, the issues and defendant are identical. Second, the court refused to consider overlap because the putative class had not yet been certified. *Id.*

But courts consider not only the named plaintiff but also the putative class in making an assessment of substantial similarity, even if the class has not yet been certified. *Santana v.*

*Cavalry Portfolio Servs., LLC*, 2019 WL 6173672, at *4 (S.D.N.Y. Nov. 19, 2019) (citing *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790 (6th Cir. 2016)). Courts in this Circuit regularly stay cases in favor of earlier-filed actions even though the putative class has not yet been certified. *See, e.g.*, *Readick*, 2014 WL 1683799, at *5; *Nelson v. G.Skill USA, Inc.*, 2023 WL 3300408, at *7 (W.D.N.Y. May 8, 2023).

Plaintiff relies on *Rothschild v. General Motors LLC*, 2020 WL 13581659 (E.D.N.Y. Sep. 30, 2020), but it is likewise distinguishable because it addressed a motion to dismiss—relief materially different from the stay Arcadia requests. *Id.* at *8–9. Moreover, the actions in *Rothschild* involved materially different products: the later action was substantially broader because it challenged three vehicle lines rather than only one in the first-filed action. The court accordingly refused to dismiss the more inclusive later-filed case. *Id.* Here, by contrast, Arcadia seeks a limited stay in favor of a substantially more advanced class action challenging the identical product label.

*Catalano v. BMW of North America, LLC*, 167 F. Supp. 3d 540 (S.D.N.Y. 2016), which involved another motion to dismiss, is likewise inapposite. There, no earlier-filed action pleaded a nationwide class. Here, by contrast, two earlier-filed actions, *Hayde* and *Duffey*, originally pleaded nationwide classes encompassing every member of Plaintiff's proposed New York class. According to Plaintiff, *Hayde* "presently" seeks to certify only a California class. Opp. at 1 n.1. But the nationwide putative class in *Duffey* still encompasses all New York consumers who purchased the Fungi-Nail products. *Catalano* also turned on a mismatch of defendants absent here. Two of the three BMW entities sued in *Catalano* were not parties to the earlier-filed action, and the plaintiff "would not be able to obtain discovery against [the remaining] defendants" if the later-filed case were dismissed. 167 F. Supp. 3d at 552. Here, Arcadia is the sole defendant in every Fungi-Nail action. Plaintiff's contention that the absence of a certified class in *Duffey* or *Hayde* defeats the first-to-file rule is likewise incorrect. *See*

Opp. at 2. As discussed above, courts regularly compare overlap in uncertified putative classes when applying the first-to-file rule. *See Santana*, 2019 WL 6173672, at *4; *Readick*, 2014 WL 1683799, at *5; *Nelson*, 2023 WL 3300408, at *7.

Plaintiff also relies on *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 341, 346–47 (E.D.N.Y. 2018), but that case is procedurally and factually distinct. There, plaintiffs in the first-filed action sought to intervene as nonparties in the later-filed action solely to dismiss, stay, or transfer it, over the objections of both parties. *Id.* at 341, 346–47. Their asserted interest in intervention was especially weak because each suit's breach-of-contract claim arose under different agreements. *Id.* at 340–43. Here, the factual allegations and claims overlap almost completely. Arcadia is an existing defendant, not a proposed intervenor, and the actions challenge the same Fungi-Nail labeling representations and assert overlapping fraud, negligent-misrepresentation, consumer protection, and express-warranty theories. Mot. at 6. Accordingly, the outcome of proceedings will almost certainly "bear upon [this] case, even if such proceedings are not necessarily controlling of the action that is to be stayed." *Readick*, 2014 WL 1683799, at *4 (quoting *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)). Plaintiff's concern that this action will proceed independently of the earlier-filed litigation is misplaced because the nationwide *Duffey* class necessarily includes the entire proposed *Fox* class.

Although not binding on this Court, two sister courts have already recognized that the substantial overlap between *Hayde* and the later-filed actions warrants application of the first-to-file rule. *White*, No. 2:26-cv-14082, Dkt. No. 19 (S.D. Fla. June 25, 2026); *Duffey*, 2026 WL 2373345, at *1.

### B. The Balance of Convenience Under the Relevant *Kappel* Factors Favors a Stay.

Because the first-to-file rule applies, there is a presumption in favor of the first-filed action in the Central District of California. *See William Gluckin & Co. v. Int'l Playtex Corp.*,

407 F.2d 177, 178 (2d Cir. 1969). Plaintiff does not dispute that no special circumstances justify giving priority to this action. Nor has Plaintiff carried her burden to show that the balance of convenience factors weigh against a stay. Because she cannot rebut the presumption in favor of *Hayde*, this action should be stayed.

As an initial matter, Plaintiff attempts to argue that the balance of convenience weighs in her favor, but she cites authority applicable to transfer of venue—not staying a case. Opp. at 11–13. She relies on *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006), which articulates the Second Circuit test for evaluating a transfer of venue under 28 U.S.C. § 1404(a). But that seven-factor test in *D.H. Blair* determines which district court is the preferable forum, weighing factors including Plaintiff's choice of forum, the more convenient location for witnesses, and the locus of operative facts. *Id*. Those factors are all irrelevant because Arcadia does not request transfer to another forum.

Courts in this Circuit instead apply the five *Kappel* factors to determine whether to stay a case in favor of an earlier-filed action. *Readick*, 2014 WL 1683799, at *2 (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)); *see* Mot. at 11. Because the interests of the courts, the public interest, and Arcadia's private interests weigh heavily in favor of a stay, while Plaintiff's private interests are neutral or weigh only slightly against one, the Court should stay this case.

**1. The First *Kappel* Factor, Private Interests of Plaintiff, Does Not Weigh Significantly Against a Stay.**

Plaintiff does not dispute that she faces no imminent or ongoing harm. This case is still in the pleadings stage. "[E]ven though a stay of this matter 'will cause plaintiff[s] some delay,' 'delay standing alone does not establish prejudice.'" *Liguori v. Wells Fargo Bank, N.A.*, 2020 WL 5370709, at *4 (S.D.N.Y. Sep. 8, 2020) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)).

Plaintiff incorrectly characterizes Arcadia's request as an "indefinite" stay and contends that a stay without a definite endpoint would prejudice her. Opp. 15. Arcadia, however, requests a stay only until resolution of the *Hayde* proceedings—the same defined endpoint the Eastern District of North Carolina adopted when it stayed *Duffey*. *See* Mot. at 15. Plaintiff's cited authorities are therefore inapposite. In *Fleet Connect Sols. LLC v. Forward Thinking Sys. LLC*, 818 F. Supp. 3d 350, 353–54 (E.D.N.Y. 2026), the requested stay depended on unresolved administrative patent proceedings with no statutory deadline, had little likelihood of simplifying the case because most of the patents were "not related to one another," and faced likely appellate review that could delay the litigation for years. *Medina v. Angrignon*, 2022 WL 1555083, at *3 (W.D.N.Y. May 17, 2022) involved an indefinite stay pending a potential immigration challenge that had not even been filed in a case otherwise ready for trial. The requested stay also would not have simplified the issues in the case. *Id*. Here, by contrast, the requested stay is tied to an advanced federal action that has proceeded through fact and expert discovery, summary-judgment briefing, and class-certification briefing on the same Fungi-Nail labeling theory. *Hayde* is therefore positioned to resolve or substantially narrow factual, merits, and class-certification questions that Plaintiff would otherwise ask this Court to adjudicate from scratch, and the resulting delay alone does not warrant denial of a stay. *Diatek Licensing LLC v. Estrella Media, Inc.*, 2022 WL 5108090, at *2 (S.D.N.Y. Oct. 4, 2022). Moreover, periodic status reports would allow this Court to monitor *Hayde* and revisit the stay if circumstances warrant.

**2. The Second *Kappel* Factor, Arcadia's Private Interests, Weighs Heavily in Favor of a Stay.**

Plaintiff does not dispute that this case and *Hayde* share the same mislabeling theory and challenge the same label. The substantial burden of forcing Arcadia to litigate a duplicative class action based on that identical theory weighs heavily in favor of a stay.

Plaintiff relies on *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 69 (S.D.N.Y. 2023), a factually distinct scenario involving a motion to stay pending the outcome of appeals in other cases. In that wage-frequency case, discovery would have been straightforward and largely limited to the plaintiff's job duties and the defendant's payroll data. *Id.* This case presents the opposite situation: proceeding here would force Arcadia to duplicate motion practice and class-certification litigation already underway in *Hayde* concerning the same Fungi-Nail labels and alleged misrepresentations. Arcadia's burden is not merely the ordinary cost of defending one case, as Plaintiff suggests. *See* Opp. at 16. It is the burden of parallel class litigation over materially identical issues in multiple federal districts—including at least two cases involving classes of New York consumers—and the accompanying risk of inconsistent rulings. *See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 356 F. Supp. 3d 287, 299–300 (S.D.N.Y. 2018). Plaintiff does not dispute that litigating this action would require Arcadia to restart discovery from the beginning, duplicate much of the discovery already conducted in *Hayde*, and relitigate the same central issue: whether the challenged label misleads a reasonable consumer.

**3. The Third and Fifth *Kappel* Factors, the Interests of the Courts and the Public Interest, Strongly Favor a Stay.**

Plaintiff does not dispute that *Hayde* is significantly more advanced and includes nearly identical allegations. But the authority on which she relies denied stays because the parallel proceedings lacked meaningful overlap. Those cases are materially distinct from *Fox*. In *GOJO Indus., Inc. v. Innovative Biodefense, Inc.*, the court denied a stay only after finding that the parallel FDA action was largely irrelevant because seven of eight claims and counterclaims were "in no way affected" by that action. 407 F. Supp. 3d 356, 363 (S.D.N.Y. 2019). Plaintiff's reliance on *Aukema v. Chesapeake Appalachia, LLC*, 839 F. Supp. 2d 555, 560 (N.D.N.Y. 2012), is similarly unavailing. *Aukema* denied a stay because the parallel actions involved different leases with materially different operative terms. *Id.* at 559–61. Plaintiff's reliance on

*Aerotel, Ltd. v. IDT Corp.*, 486 F. Supp. 2d 277, 284–85 (S.D.N.Y. 2007), is likewise misplaced. There, a stay would not have promoted efficiency because the parallel actions involved different defendants, conduct, patents, and legal standards. *Id*. Unlike the attenuated overlap in *GOJO*, *Aukema*, and *Aerotel*, resolution of the shared labeling issues in *Hayde* could meaningfully narrow the issues here, even if the claims themselves remain for adjudication. Both this case and *Hayde* turn largely on the same evidence: they challenge the same Fungi-Nail labeling representations, advance substantially overlapping allegations about what those representations convey, and rely on the same reasonable-consumer theory.

Because the balance of convenience weighs in favor of a stay, and no special circumstances exist that counsel against application of the first-to-file rule, the Court should stay this case pending resolution of *Hayde*.

### C. In the Alternative, the Court Should Stay This Action Under Its Inherent Authority.

Even if the first-to-file rule did not apply, the Court should exercise its inherent authority to impose a discretionary stay because, as discussed above, the balance of convenience factors favor at least a temporary pause in these proceedings. Courts regularly stay cases where a similar class action is pending at a more advanced stage to avoid inconsistent rulings and conserve judicial and party resources. For example, in *Liguori*, 2020 WL 5370709, at *3, the court determined that a discretionary stay was appropriate despite only partial overlap between the plaintiffs and the related putative class. The court reasoned that, because the related action had progressed further and there was a possibility of settlement, a stay would minimize the risk of conflicting decisions between district courts, postpone the need for an immediate ruling on defendant's motion to dismiss, and avoid duplicative discovery burdens. *Id.*

A stay is appropriate because *Hayde* is likely to settle or simplify many of the claims in this action. *Landis*, 299 U.S. at 256. In *Hayde*, unlike this case, the parties have completed

substantial discovery and there are fully briefed motions for class certification and summary judgment pending that could bear on or resolve issues in this case. The nationwide class in *Duffey*, including New York consumers, is currently stayed pending resolution of *Hayde*. The Court should do the same here and enter at minimum a narrow stay, with the option to revisit the necessity and scope after the *Hayde* court rules on class certification.

## III. CONCLUSION

For the above-stated reasons, Arcadia respectfully requests that the Court stay the proceedings until resolution of the *Hayde* action in the United States District Court for the Central District of California.[1]

Dated: October 7, 2026

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: *s/ Geoffrey S. Brounell*
Geoffrey S. Brounell
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
geoffreybrounell@dwt.com

*Attorney for Defendant Arcadia Consumer Healthcare, Inc.*

[1] The Parties have stipulated to, and the Court granted, a stay of Arcadia's deadline to respond to the Complaint until after resolution of the Motion to Stay. Dkt. No. 20.

**Certificate of Compliance with Word Count Limitations**

I hereby certify that the word count of this memorandum of law complies with the word limits of Local Civil Rule 7.1(c). According to the word-processing system used to prepare this memorandum of law, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c) is 3,135 words.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: October 7, 2026
New York, New York

*s/ Geoffrey S. Brounell*
Geoffrey S. Brounell